UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM, On behalf of Itself and All Others Similarly Situated, and Derivatively On behalf of Inland Western Retail Real Estate Trust, Inc.<br><br>Plaintiff,<br><br>v.<br><br>INLAND WESTERN RETAIL REAL ESTATE TRUST, INC., INLAND REAL ESTATE INVESTMENT CORPORATION; THE INLAND GROUP, INC., INLAND WESTERN RETAIL REAL ESTATE ADVISORY SERVICES, INC., INLAND SOUTHWEST MANAGEMENT CORP., INLAND NORTHWEST MANAGEMENT CORP., INLAND WESTERN MANAGEMENT CORP., ROBERT D. PARKS, BRENDA G. GUJRAL, FRANK A. CATALANO, JR., KENNETH H. BEARD, PAUL R. GAUVREAU, GERALD M. GORSKI, BARBARA A. MURPHY, STEVEN P. GRIMES, DANIEL A. GOODWIN, ROBERT A. BAUM, G. JOSEPH COSENZA, and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Case Number: 07 C 6174 |

**[PROPOSED] ORDER GRANTING MOTION OF CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM AND MADISON INVESTMENT TRUST FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF PROPOSED CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL**

Upon consideration of City of St. Clair Shores General Employees Retirement System's ("City of St. Clair Shores GERS") and Madison Investment Trust's ("Madison") (together referred to herein as "Movants") Motion for Appointment as Co-Lead Plaintiffs and for

1

Approval of Proposed Co-Lead Plaintiffs' Selection of Co-Lead Counsel, and upon consideration of the record herein, it is hereby Ordered and Decreed as follows:

1. City of St. Clair Shores GERS and Madison are hereby appointed Co-Lead Plaintiffs in this action in accordance with 15 U.S.C. §78u-4(a)(3)(B).

2. The law firms of Chimicles & Tikellis LLP ("C&T"), Labaton Sucharow LLP ("LSR") and Wolf Haldenstein Adler Freeman & Herz LLP ("WHAFH") are appointed as Co-Lead Counsel for the Class in this action. Co-Lead Counsel shall provide general supervision of the activities of plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

    a) to brief and argue motions;

    b) to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, preparation of written interrogatories, requests for admission and requests for production of documents;

    c) to direct and coordinate the examination of witnesses in depositions;

    d) to act as spokesperson at pretrial conferences;

    e) to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f) to initiate and conduct any settlement negotiations with counsel for defendants;

    g) to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

   h)  to consult and employ experts;

   i)  to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs; and

   j)  to perform such other duties as may be expressly authorized by further order of this Court.

   3.  Henceforth, the Action shall be captioned as follows:

| In Re Inland Western Retail Real Estate Trust, Inc. Securities Litigation | Civil Action Number: 07 C 6174 <br><br> **CLASS ACTION** |
|---|---|

   4.  Each new case that arises out of the subject matter of the Action which is filed in this Court or transferred to this Court, shall be consolidated with the Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

Dated: January 22, 2008

BY THE COURT:

_____
Honorable Robert W. Gettleman
United States District Judge

3