# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM and MADISON INVESTMENT TRUST, On behalf of Themselves and All Others Similarly Situated, and Derivatively On behalf of Inland Western Retail Real Estate Trust, Inc.<br><br>      Plaintiffs,<br><br>   v.<br><br>INLAND WESTERN RETAIL REAL ESTATE TRUST, INC., INLAND REAL ESTATE INVESTMENT CORPORATION; THE INLAND GROUP, INC., INLAND WESTERN RETAIL REAL ESTATE ADVISORY SERVICES, INC., INLAND SOUTHWEST MANAGEMENT CORP., INLAND NORTHWEST MANAGEMENT CORP., INLAND WESTERN MANAGEMENT CORP., ROBERT D. PARKS, BRENDA G. GUJRAL, FRANK A. CATALANO, JR., KENNETH H. BEARD, PAUL R. GAUVREAU, GERALD M. GORSKI, BARBARA A. MURPHY, STEVEN P. GRIMES, DANIEL L. GOODWIN, ROBERT H. BAUM, G. JOSEPH COSENZA, and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>      Defendants. | Civil Action Number:<br>07 C 6174<br><br>CLASS ACTION<br><br><br><br>**JOINT STATUS REPORT** |

1658630.1

Pursuant to this Court's Standing Order, the parties submit this Joint Status Report:

A.  **Status report.** This matter is set for a status report on June 5, 2008 at 9:00 a.m.

B.  **The attorneys of record, indicating which attorney is expected to try the case.**

In addition to the list of all attorneys of record below, the expected trial attorneys are:

For Plaintiffs: Nicholas E. Chimicles of CHIMICLES & TIKELLIS, Haverford, PA; Lawrence A Sucharow of LABATON SUCHAROW LLP, New York, NY; and Lawrence P. Kolker of WOLF HALDENSTEIN ADLER FREEMAN & HERZ, New York, NY.

For the "Inland Defendants" -- Inland Real Estate Investment Corporation, The Inland Group, Inc., Robert D. Parks, Brenda G. Gujral, Daniel L. Goodwin, Robert H. Baum, and G. Joseph Cosenza: James L. Thompson of JENNER & BLOCK LLP, Chicago, IL.

For the "REIT Defendants" -- Inland Western Retail Real Estate Advisory Services, Inc., Inland Western Retail Real Estate Trust, Inc., Inland Northwest Management Corp., Inland Southwest Management Corp., Inland Western Management Corp., Frank A. Catalano, and Steven P. Grimes:  Samuel B. Isaacson of DLA PIPER US LLP, Chicago, IL.

For the "Special Committee Defendants" -- Kenneth H. Beard, Paul R. Gauvreau, Gerald M. Gorski, Barbara A. Murphy: Richard B. Kapnick of SIDLEY AUSTIN LLP, Chicago, IL.

For Defendant William Blair & Company, L.L.C.: Harold C. Hirshman of SONNENSCHEIN NATH & ROSENTHAL LLP, Chicago, IL.

C.  **The basis of federal jurisdiction.** This Court has federal jurisdiction over the subject matter of this action pursuant to § 27 of the Securities Exchange Act of 1934 (the "'34 Act"), 15 U.S.C. § 78aa, 28 U.S.C. §§1331, 1337, and principles of supplemental jurisdiction.

D.  **Whether a jury has been requested.** Plaintiffs have requested a jury trial.

E.  **The nature of the claims asserted in the complaint.** For their federal securities law claims, Plaintiffs seek to assert claims on behalf of a proposed class of the REIT's shareholders who were entitled to vote on a Proxy Statement that was filed with the SEC on September 10, 2007.  The challenged Proxy sought shareholder approval of an "Internalization" transaction pursuant to which the REIT acquired its external Advisor and three Property Managers for 37.5 million REIT shares, with a deemed value of $375 million.  Plaintiffs assert

that the Internalization overvalued the Property Managers and Advisor because their financial results and performance were inflated (due to allegedly excessive fees as to the Property Managers and understated expenses as to both the Property Managers and the Advisor), and that the Proxy relating to the Internalization was materially false and misleading, in violation of § 14 of the '34 Act and Rule 14a-9, because it included the inflated financial statements of the Advisor and Property Managers. Plaintiffs assert that the REIT, Advisor, Property Managers, individual Defendants, and financial advisor William Blair are liable under § 14, and that the REIT's controlling persons and entities violated '34 Act § 20 in causing the REIT to disseminate the allegedly materially false and misleading Proxy to the REIT's shareholders.

Plaintiffs also allege that Defendants owed fiduciary duties to the REIT's shareholders and breached, or aided and abetted breaches of, those duties by failing to supervise the REIT's relationship with the Advisor and Property Managers and by causing the REIT to enter into Advisory and Property Management Agreements and the Internalization. Plaintiffs bring these claims both as class claims and derivative claims on behalf of the REIT, seeking damages from the Advisor, Property Managers, and certain of the individual Defendants. Further, Plaintiffs assert derivative claims on behalf of the REIT (a) against the Advisor and Property Managers for allegedly breaching the Advisory Agreement and Property Management Agreements by charging excessive fees and failing to properly employ the contractual Purchase Option Formulas; and (b) against the Advisor and Property Managers for unjust enrichment, based on the Property Managers' receipt of allegedly excessive fees, and the Advisor and Property Managers' improper expense reimbursements, and other compensation.

**F.** **The relief sought by any party, including computation of damages, if available.** Plaintiffs seek an order: (1) certifying the Class and designating Plaintiffs as the Class

1658630.1                                2

representatives; (2) declaring the Proxy to be materially false and misleading in violation of the '34 Act; (3) declaring any authorizations secured by Defendants pursuant to the Proxy to be null and void; (4) declaring the merger agreements between the REIT and the Property Managers and Advisor null and void; (5) awarding Plaintiffs and the Class compensation for the damages caused by Defendants' unlawful conduct; (6) awarding the REIT damages it has suffered as a result of the wrongful conduct committed by the Director Defendants, Management Defendants, the Individual Defendants, the Advisor and the Property Managers; and (7) awarding Plaintiffs reasonable attorneys' fees, experts' fees, interest and cost of suit.

Plaintiffs preliminarily have computed damages by several methods based on the alleged overpayment of fees to the Property Managers and the overvaluation of the Advisor and Property Managers in the Internalization, and assert that all such methods demonstrate that Defendants have been overpaid with cash and shares of stock having a deemed value of well over $100 million.

G. **Parties served**. All parties currently named in the action have been served.

H. **The principal legal issues.**[1] The issues include: (1) whether this Court should certify a class of all persons who were entitled to vote on the matters that were the subject of the Proxy; (2) whether the shareholder vote approving the Internalization was secured by means of a false and misleading Proxy in violation of '34 Act §§ 14(a) and 20(a) and Rule 14a-9 and, if so, whether and which Defendants are liable for disseminating the Proxy; (3) whether William Blair's Fairness Opinion rendered the Proxy materially false and misleading, in violation of § 14(a) of the '34 Act and Rule 14a-9; (4) whether the alleged misstatements and omissions would have assumed significance in the deliberations of a reasonable shareholder in deciding how to

---

1 In light of the large number of legal issues, and the fact that briefing on Defendants' soon-to-be-filed motions to dismiss will cite extensive authority, the parties have not attempted to include potentially numerous cites and counter-cites for the several legal issues here presented.

1658630.1                                           3

vote on the Proxy; (5) whether demand on the board of directors, as of the date of filing the complaint, is excused, thereby permitting pursuit of the derivative claims, and whether Plaintiffs have standing to pursue direct claims against Defendants; (6) whether the Advisor, Property Managers, Management Defendants, Director Defendants and Individual Defendants breached their fiduciary duties to the REIT and the members of the Class or aided others in the breaches of fiduciary duties; (7) whether the Advisor and Property Managers were unjustly enriched at the expense of the REIT and its shareholders; (8) whether the Advisor breached the terms of the Advisory Agreement; (9) whether the Property Managers breached the terms of the Property Management Agreements; (10) as to each claim, whether damages were sustained and the proper measure of such damages; and (11) as to each claim, who, if anyone, is liable.

**I.** **The principal factual issues.** Identification of the primary factual issues will require further discovery. At present, the key factual disputes -- in each case, allegations made by Plaintiffs that are disputed by Defendants -- include: (1) whether the Property Managers received fees exceeding those permitted, rendering their financial statements false and misleading; (2) whether operating expenses of the Advisor and Property Managers improperly were paid or assumed by Defendants or their affiliates, thereby rendering their financial statements misleading; (3) who was responsible for causing the payment of those allegedly excessive fees and the understatement of expenses; (4) whether the Advisor's and the Property Managers' allegedly false and misleading financial statements resulted in an overvaluation of the Advisor and the Property Managers in the Internalization; (5) whether the REIT directors were so conflicted and committed to the decisions in dispute that they could not perform their duties in good faith; and (6) whether the REIT directors failed to maintain adequate, independent oversight of the REIT and the Internalization.

  **J.** **All anticipated motions.** Plaintiffs will file an amended complaint by June 12, 2008; Defendants will file motions to dismiss by July 17, 2008; Plaintiffs will file responses by August 21; Defendants will reply by September 10. In support of the motions to dismiss, Defendants shall file separate briefs, endeavoring to keep their opening briefs within the 15 page-limit (seeking leave to file oversize briefs only if absolutely necessary) by avoiding redundancy and coordinating arguments where feasible. Plaintiffs' response shall be no longer than the greater of 40 pages or the combined number of pages in Defendants' briefs. Normal page limits will apply to reply briefs. Plaintiffs will file a motion for class certification within 30 days after the Answer is filed, or by other deadline set by the Court. The parties will submit a stipulated briefing schedule within five days of Plaintiffs' filing the motion for class certification.

  **K.** **A proposed discovery plan pursuant to F.R.Civ.P. 26(f).** In light of the automatic stay imposed by the PSLRA, discovery will not proceed during the pendency of the motions to dismiss. The parties believe that they will be able to confer and propose a Rule 26 discovery plan after resolution of the motions to dismiss.

  **L.** **The earliest date the parties would be ready for trial and the probable length of trial.** The parties anticipate being ready for trial by November 2009 (two years after initial complaint filing). Plaintiffs anticipate that a trial in this case will last 30 days; Defendants anticipate that a trial will last no more than 15 days.

  **M.** **The status of any settlement discussions and whether a settlement conference would be appropriate.** The parties have engaged in settlement discussions but have not come to an agreement and believe that a settlement conference at this juncture would not be productive.

  **N.** **Whether the parties will consent to trial before a magistrate judge.** The parties do not consent to trial before a Magistrate Judge.

Dated:  May 22, 2008　　　　　　　　　　　Respectfully submitted,

| Counsel for Plaintiffs | Counsel for the Inland Defendants |
|---|---|
| */s/ Nicholas E. Chimicles (with consent)*<br>Nicholas E. Chimicles<br>Kimberly M. Donaldson<br>Kimberly L. Kimmel<br>CHIMICLES & TIKELLIS LLP<br>361 W. Lancaster Avenue<br>Haverford, PA 19041<br>Telephone:  (610) 642-8500<br>Fax: (610) 649-3633<br><br>Adam J. Levitt<br>WOLF HALDENSTEIN ADLER<br>  FREEMAN & HERZ LLC<br>55 West Monroe Street<br>Suite 111<br>Chicago, IL 60661<br>Tel:  (312) 984-0000<br>Fax:  (312) 984-0001<br><br>Lawrence P. Kolker<br>Alexander H. Schmidt<br>WOLF HALDENSTEIN ADLER<br>  FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Telephone: (212) 545-4600<br>Facsimile:  (212) 545-4653<br><br>Lawrence A. Sucharow<br>Joseph Sternberg<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477 | */s/ James L. Thompson*<br>Jerold S. Solovy<br>James L. Thompson<br>JENNER & BLOCK, LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611<br>Telephone:  (312) 222-9350<br>Facsimile:  (312) 527-0484<br><br>**Counsel for the REIT Defendants**<br><br>*/s/ Samuel B. Isaacson (with consent)*<br>Samuel B. Isaacson<br>Joseph E. Collins<br>DLA PIPER US LLP<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601-1293<br>Telephone: (312) 368-4000<br>Facsimile:  (312) 236-7516<br><br>**Counsel for the Special Committee Defendants**<br><br>*/s/ Richard B. Kapnick (with consent)*<br>Richard B. Kapnick<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Fax:  (312) 853-7036<br><br>**Counsel for William Blair & Co.**<br><br>*/s/ Harold C. Hirshman (with consent)*<br>Harold C. Hirshman<br>SONNENSCHEIN NATH & ROSENTHAL<br>7800 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL  60606-6404<br>Telephone: (312) 876-8000<br>Fax: (312) 876-7934 |

Case 1:07-cv-06174     Document 35     Filed 05/22/2008     Page 8 of 8

1658630.1

7