UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM and MADISON INVESTMENT TRUST, On behalf of Themselves and All Others Similarly Situated, and Derivatively On behalf of Inland Western Retail Real Estate Trust, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>INLAND WESTERN RETAIL REAL ESTATE TRUST, INC., INLAND REAL ESTATE INVESTMENT CORPORATION; THE INLAND GROUP, INC., INLAND WESTERN RETAIL REAL ESTATE ADVISORY SERVICES, INC., INLAND SOUTHWEST MANAGEMENT CORP., INLAND NORTHWEST MANAGEMENT CORP., INLAND WESTERN MANAGEMENT CORP., ROBERT D. PARKS, BRENDA G. GUJRAL, FRANK A. CATALANO, JR., KENNETH H. BEARD, PAUL R. GAUVREAU, GERALD M. GORSKI, BARBARA A. MURPHY, STEVEN P. GRIMES, DANIEL A. GOODWIN, ROBERT A. BAUM, G. JOSEPH COSENZA, KPMG LLP, AND WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Case No. 07 C 6174 |

## MEMORANDUM IN SUPPORT OF WILLIAM BLAIR & COMPANY L.L.C.'S MOTION TO DISMISS COUNTS I AND IV

William Blair & Company, L.L.C. has moved to dismiss Counts I and IV, the only counts against it, for failing to state a claim.

### INTRODUCTION

Assuming that there is a private cause of action under 78 U.S.C. §14(a) and Rule 14a-9 against William Blair for providing a "false" fairness opinion, what is startling about the

14732377\V-1

Amended Complaint is that it ignores the PSLRA, and precedent governing what would be necessary to plead a claim under §14(a) against the provider of a "false" fairness opinion. The district court cases which address the possibility of such liability begin with the Supreme Court's decision in *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1085 (1991) about liability for opinions and note a two-part test: whether the opinion is false <u>and</u> whether the maker of the opinion knew it was false. (Infra p. 6-8.) Nothing in the Complaint suggests that the William Blair opinion, on its face, is false <u>or</u> that William Blair did not believe the opinion to be true. Thus neither part of the *Virginia Bankshares* test is satisfied, and both need to be met to state a claim. Instead, the Complaint creates a fiction that the provider of a fairness opinion cannot rely on representations of management or audited financial statements. Such a claim ignores the Seventh Circuit's recent opinion affirming this Court in *The HA2003 Liquidating Trust v. Credit Suisse Securities*, 517 F.3d 454, 456-57 (7th Cir. 2007), that it is appropriate for a banker to rely on management and auditors.

Blithely disregarding Congress's concern over the besmirching of reputations in securities suits, Plaintiffs simply assert that William Blair sold its reputation for an extra few hundred thousand dollars. This assertion should be supported, as Congress demanded in the PSLRA, with specifics, but it is not. *Tellabs, Inc. v. Maker Issues and Rights, Ltd.*, 127 S.Ct. 2499, 2504 (2007).

Another established proposition in this circuit is that an advisor may limit those to whom a fairness opinion is addressed. *Massey and Murrey v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006). William Blair's agreement with the Special Committee limits reliance to that committee and the Board: "Our opinion was provided for the use and benefit of the Special Committee and the Board of Directors." (William Blair's Opinion is attached as Exhibit A, p. B-2.) William Blair did consent to its opinion being included in the proxy statement but

such permission does not amount to a "solicitation" by William Blair. Only the actual solicitors are appropriate defendants under §14(a) and Rule 14a-9. In light of the Supreme Court's opinion in *Stoneridge Investment Partners, LLC v. Scientific-Atlantic, Inc.*, 128 S.Ct. 761 (2008) about the limits of implied private rights under the securities laws, this Court should not expand §14(a) by holding that including William Blair's opinion as an exhibit in a proxy solicitation creates a direct §14(a) claim against William Blair, especially when the proxy statement itself says William Blair's opinion "does not constitute a recommendation to you as to how you should vote with respect to the merger."

## FACTS

This is what the proxy says about the William Blair opinion, in all caps and bold face:

> THE FULL TEXT OF BLAIR'S WRITTEN OPINION, DATED AUGUST 14, 2007, IS ATTACHED AS APPENDIX B TO THIS PROXY STATEMENT AND INCORPORATED INTO THIS PROXY STATEMENT BY REFERENCE. WE ENCOURAGE YOU TO READ THE ENTIRE OPINION CAREFULLY TO LEARN ABOUT THE ASSUMPTIONS MADE, PROCEDURES FOLLOWED, MATTERS CONSIDERED AND LIMITS ON THE SCOPE OF THE REVIEW UNDERTAKEN BY BLAIR IN RENDERING ITS OPINION. BLAIR'S OPINION RELATED ONLY TO THE FAIRNESS, FROM A FINANCIAL POINT OF VIEW, TO US AND OUR STOCKHOLDERS OF THE CONSIDERATION TO BE PAID BY US IN THE MERGER AND DOES NOT ADDRESS ANY OTHER ASPECT OF THE PROPOSED MERGER OR ANY RELATED TRANSACTION, AND DOES NOT CONSTITUTE A RECOMMENDATION TO YOU AS TO HOW YOU SHOULD VOTE WITH RESPECT TO THE MERGER AGREEMENT OR THE MERGER. BLAIR DOES NOT EXPRESS AN OPINION AS TO THE FAIRNESS OF THE MERGER CONSIDERATION TO THE ADVISOR, OR THE PROPERTY MANAGERS OR THEIR STOCKHOLDERS AS THOSE TERMS ARE DEFINED IN THE OPINION. BLAIR'S OPINION DID NOT ADDRESS THE MERITS OF THE UNDERLYING DECISION BY US OR THE SPECIAL COMMITTEE OR THE BOARD TO ENGAGE IN THE MERGER OR OTHER BUSINESS STRATEGIES OR TRANSACTIONS CONSIDERED BY THE BOARD OR THE SPECIAL COMMITTEE, OR THE

14732377\V-1

>   **EFFECT OF ANY SUCH TRANSACTION, OR THE SPECIAL COMMITTEE'S AND THE BOARD'S DECISION TO PROCEED WITH THE MERGER.  THE FOLLOWING SUMMARY OF BLAIR'S OPINION IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE FULL TEXT OF THE OPINION.**

(Proxy Statement pp. 47-49, Exh. B is the solicitors; description of the William Blair opinion.)

## ARGUMENT

The United States Supreme Court, in *Tellabs*, requires particularized facts establishing a "cogent and compelling" inference that William Blair issued a fairness opinion that it knew to be false. *Tellabs*, 127 S.Ct. at 2503.  There is no carve-out of §14 from the PSLRA's requirement.  The Amended Complaint is grievously lacking in any explanation as to why it makes sense to believe William Blair would sully its reputation by issuing a fairness opinion it knew was false.  Nothing in the Complaint explains who at William Blair engaged in this nefarious activity, or why William Blair knew that the numbers provided by management and the audited financials were unreliable.  Given the information relied on the fairness opinion is not false.

William Blair based its opinion upon the audited financials and upon management's financial forecasts, after being advised by senior management at IWest that the financials had been reasonably prepared on bases reflecting the best currently available estimates.  (Exh. A, p. B-1.)  In doing so, William Blair followed the norm for these opinions.  *HA2003 Liquidating Trust*, 517 F.3d at 457.  As the opinion letter reflects, William Blair undertook no duty to investigate or verify information, including projections.  (Exh. A, p. B-2.)  No shareholder could reasonably assume that William Blair had done so in the face of the opinion letter attached to the proxy statement.  Nonetheless, Plaintiffs claim that William Blair was required to do exactly what its contract with the Special Committee says it did <u>not</u> have to do:  the Amended Complaint offers the bald assertion that William Blair is obliged to create its own set of Inland projections (¶¶ 240, 248-249, 278) and that William Blair should not have relied on the Company's audited

- 4 -

numbers. (¶ 240.) Plaintiffs would obligate William Blair to assume duties outside its contract. No case creates such duties, nor does the Seventh Circuit believe a court should craft them, as Judge Easterbrook explained in *HA2003*. There, as here, a proxy solicitation went to shareholders with a copy of CSFB's business opinion; there, as here, CSFB relied on management's numbers:

> Intelligent adults can set their own standards of performance, and courts must enforce the deal they have struck. *See Wallace v. 600 Partners Co.*, 86 N.Y.2d 543, 658 N.E.2d 715, 634 N.Y.S. 699 (N.Y. 1995). The engagement contract says that CSFB has no duty to double-check the predictions about Starbelly.com's future revenues and no duty to update its opinion. The Trust's belief that CSFB should have been hired to do something different is not a basis of liability.

517 F.3d at 458.

Plaintiffs' claim, if accepted, would undermine the purpose of contract law: to assign responsibility and allocate risks among the parties. *See Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 258 (7th Cir. 1998) ("Contracts allocate risks, and judicial decisions changing those allocations after the fact not only lead to expensive litigation (as each side invests in the pursuit of advantage) but also make the institution of contract less useful *ex ante*.") (emphasis added) Justice Kennedy warned against such an expansionary use of the securities law: "[W]ere the implied cause of action to be extended to the practices described here, however, there would be a risk that the federal power would be used to invite litigation beyond the immediate sphere of securities litigation and in areas already governed by functioning and effective state-law guarantees." *Stoneridge*, 128 S.Ct. at 770-71.

The shareholders were fully aware of how William Blair reached its conclusion and the source of the numbers and comparables William Blair was using. If a shareholder felt that those were incorrect numbers and wanted to apply different numbers or different comparables, that shareholder was fully capable of doing so.

## THERE ARE NO ALLEGATIONS THAT WILLIAM BLAIR'S OPINION WAS EITHER SUBJECTIVELY OR OBJECTIVELY FALSE

If delivering an opinion to the Special Committee which is included as an exhibit in the proxy statement constitutes "solicitation," then William Blair can be found to have made a material misstatement <u>only</u> if that opinion is both objectively and subjectively false. *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095 (1991).

In *Washington County Employees' Retirement System v. Wells REIT*, No. 1:07-CV-862, 2008 WL 2302679 (N.D. Ga. Mar. 31, 2008), the Court rejected pleadings crafted by some of these same lawyers because they failed to explain why Houlihan Lokey did not believe its own fairness opinion (subjective falsity):

> The Proxy included the Houlihan Lokey Fairness Opinion, which concluded that the Internalization Consideration was fair to Wells REIT from a financial point of view. The plaintiffs argues that the inclusion of this Fairness Opinion in the Proxy served to mislead shareholders by suggesting that some purportedly independent entity had conducted an assessment of the Internalization. Instead, according to the plaintiffs, the Fairness Opinion was flawed, devoid of credibility and reliability, and was sued to mask the defendants' wrongdoing.
>
> Statements of opinion or belief are actionable only if they are both objectively and subjectively false. *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095 (1991). "To plead the falsity of a statement of opinion, a plaintiffs must plead with particularity why the statement of opinion was objectively and subjectively false. A fairness opinion is objectively false if the subject matter of the opinion is not, in fact, fair, and is subjectively false if the speaker does not, in fact, believe the subject matter of the opinion to be fair." *Bond Opportunity Fund v. Unilab Corp.*, No. 99 Civ. 11074 (JSM), 2003 SL 21058251, at *5 (S.D. N.Y. May 9, 2003). In this case, the plaintiffs has failed to allege that Houlihan Lokey did not believe the subject matter of the opinion to be fair. Rather, the plaintiffs takes issue with the assumptions upon which the fairness opinion is based. But, the plaintiffs concedes that these assumptions were disclosed to shareholders in the Proxy. Accordingly, the plaintiff's allegations regarding the Houlihan Lokey Fairness Opinion fail to state a claim of relief.

2008 WL 2302679 at *8.

14732377\V-1

*In re McKesson HBOC, Inc. Securities Litigation*, 126 F.Supp 2d 1248, 1265 (N.D. Cal. 2000) is to the same effect as *Washington County*. "In the case of a fairness opinion, then, the plaintiffs must plead with particularity why the statement of opinion was objectively *and* subjectively false." *Id.* (emphasis added). Plaintiffs do not allege specifics as to who at William Blair did not sincerely believe the fairness opinion was true, or why the numbers are objectively false based on William Blair's articulated assumptions and sources.

Nothing in the Amended Complaint permits an inference, let alone the strong inference required by the PSLRA and *Tellabs*, that William Blair subjectively believed its opinion was false. Nor is there evidence that William Blair's opinion was objectively false that the conclusions did not flow from the information William Blair said it was using.

*In re AOL Time Warner, Inc. Securities & "ERISA" Litigation*, 381 F.Supp. 2d 192 (S.D.N.Y. 2004), the court addressed the effect of a disclaimer in a fairness opinion that "Morgan Stanley based its opinion on information provided by others and that Morgan Stanley 'assumed and relied upon' that information 'without independent verification' of its 'accuracy and completeness.'" *Id.* at 244. The court held that

> Such a disclaimer nullifies [plaintiff's] claim that Morgan Stanley was reckless by "turning a blind eye to AOL's account fraud." Put simply, it was not Morgan Stanley's job to independently investigate AOL's accounting; indeed, Morgan Stanley explicitly disclosed this by disavowing any such independent investigation in the fairness opinion itself.

*Id.*

This is the same disclaimer which appears in William Blair's opinion letter. William Blair disclosed the basis for its conclusions and the proxy statements enumerates these bases. (Exh. A, p. B-1.)

Finally, in *In re Reliance Securities Litigation*, the parties entered into an engagement letter providing that:

- 7 -

> in rendering its services hereunder [ABN AMRO] will be using and relying on information provided by CTFG or information available from public sources and other sources deemed reliable by [ABN AMRO] without independent verification thereof by [ABN AMRO] or independent appraisal by [ABN AMRO]. [ABN AMRO] does not assume responsibility for the accuracy or completeness of any of this information regarding the Company.

135 F.Supp. 2d 480, 513 (D. Del. 2001). The plaintiffs in *Reliance* alleged that in issuing their fairness opinion, the financial advisors "disregarded numerous red flags indicating that [the target company] was underreserved and overvalued." *Id.* at 513. In granting summary judgment, the court held that no reasonable juror could conclude that the financial advisors recklessly ignored information, including plaintiffs' so-called red flags, in forming their opinion, *because* they hadn't indicated that they would do anything beyond that which their engagement letter required, i.e., "to make a judgment based on a limited set of data." *Id.* at 516. Here, as in *Reliance*, William Blair only contracted to make a judgment based on "a limited set of data."

## THERE IS NO CLAIM UNDER §14 OR SEC RULE 14A-9

Claims under SEC Rule 14a-9 require plaintiffs to plead that statements made in the solicitation by the solicitor are based on false and misleading statements. 15 U.S.C. § 78n(a); 17 C.F.R. § 240.14a-9[1]. Nothing in the statute or the rule makes a person who is <u>not</u> soliciting

---

[1] The SEC's definition of "solicitation" is:

> (1) The terms "solicit" and "solicitation" include:
>
> (i) Any request for a proxy whether or not accompanied by or included in a form of proxy;
>
> (ii) Any request to execute or not to execute, or to revoke, a proxy; or
>
> (iii) The furnishing of a form of proxy or other communication to security holders under circumstances reasonably calculated to result in the procurement, withholding or revocation of a proxy.

14732377\V-1

proxies liable. The statute requires that William Blair "permit the use of his name to <u>solicit</u> proxies." 17 U.S.C. §78n(a). (emphasis added). The proxy statement itself makes clear William Blair is <u>not</u> offering its name to solicit proxies. As the proxy statement said in boldface: William Blair's opinion "does not constitute a recommendation to you as to how you should vote ... William Blair's opinion did not address the merits of the underlying decision." (Exh. B, pp. 47-48.) To include William Blair in the circle of appropriate defendants asks this Court to ignore the language of §14 and Rule 14a-9 and the SEC's definition of solicitation and assume that the shareholders believed what they were told <u>not</u> to believe: that William Blair opined on the transaction for which their votes were being solicited by the Inland directors. The shareholders would also have to ignore William Blair's opinion letter which says the opinion was <u>not</u> addressed to the shareholders.

> Our Investment Banking services were provided for the use and benefit of the Special Committee and the Board of Directors in connection with its consideration of the transaction contemplated by the Merger Agreement."

(Exh. A, p. B-2.)[2]

---

17 C.F.R. § 240.14a-1(l).

[2] There is an old Third Circuit authority for holding a claim under §14(a) exists for a banker who provided a fairness opinion used in a proxy solicitation. *Herskowitz v. Nutri/System Inc.*, 857 F.2d 179, 189-90 (3rd Cir. 1988). The Third Circuit apparently was not asked to address, nor did it address, §14(a) and the SEC's rule 14a-9 and the SEC's definition of solicitation; nor did the Third Circuit address the actual opinion letter or what the proxy said. The Third Circuit's conclusion that professionals dealing with proxy statements should be as careful as directors would render superfluous the phrase "permit [your] name to be used to solicit" in §14(a). The Third Circuit did not have the benefit of *Virginia Bankshares* when it held that the test for liability of an expert's opinion was the objective reasonableness of the opinion. *Herskowitz* was a 2-1 decision with the dissenter arguing for a test of the fairness opinion like the one subsequently adopted by the Supreme Court in *Virginia Bankshares*. *Herskowitz* has never been cited by the Seventh Circuit. In addition, the PSLRA language covering all "claims under the securities laws" requires scienter contrary to *Herskowitz's* holding that no scienter is required.
    In 2002 the Delaware District Court in *In re Reliance* initially refused to dismiss a §14(a) claim against a fairness opinion provider on the basis of *Herskowitz*, but then granted summary judgment to the opinion provider, after reconsidering the impact of *Virginia Bankshares* and

- 9 -

In *Massey and Murray v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006) "the court held there was no duty owed the shareholders if an opinion letter limited its duties." The Merrill letter's language is almost identical to William Blair's. "Thus, even when reading the allegations and the exhibits in the light most favorable to the plaintiffs, the plaintiffs cannot establish that Merrill Lynch's purported misrepresentations breach a duty owed to them, rather than to the corporation." Consistent with *Massey*, the Supreme Court in *Stoneridge Investment Partners, LLC v. Scientific-Atlantic, Inc.*, 128 S.Ct. 761, 769 (2008) refused to find aiding and abetting liability of a contracting third party even if that contractor helped in a fraud: "[n]o member of the investing public had knowledge, either actual or presumed, of respondent's deceptive acts during the relevant times. Petitioner, as a result, cannot show reliance upon any of respondents' actions except in an indirect claim we found too remote for liability."

As in *Stoneridge* and *Massey*, the Inland shareholders are unable to show direct reliance on William Blair's opinion. The Inland shareholders are at the end of an indirect chain. William Blair advised the Special Committee, who in turn advised the Board, who in turn explained to the shareholders that the Committee and the Board reached a conclusion which considered William Blair's opinion among a host of other factors. (Proxy Statement, p. 20-24, Exh. C.) Such a claim does not lead to liability under Rule 10b-5, nor should it under §14. To create such liability ignores who is soliciting the proxy – the Inland directors – and creates a soliciting role William Blair did not undertake, and transforms a class who were told not to rely on William Blair into reasonable reliers. Such a transformation would radically rewrite §14.

---

concluding it was unreasonable of expecting to expect a banker to take on duties outside the actual opinion letter issued (see, supra, p. 8).

## NO CLAIM IS STATED FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

*Massey* recognizes that any opinion letter claim is derivative. 464 F.3d at 651. The directors have demonstrated in their papers why Plaintiffs have no derivative claim.

## CONCLUSION

Claiming a false opinion by a professional is not a game or a victimless sport. The PSLRA, was designed to protect reputations. These Plaintiffs ought to know better than to have filed a complaint which so blithely ignores the necessary factual allegations to assert such claims. The Amended Complaint as to William Blair should be dismissed with prejudice.

Respectfully submitted,

/s/ Harold C. Hirshman
One of the Attorneys for William Blair

Harold C. Hirshman
Camille E. Bennett
SONNENSCHEIN NATH & ROSENTHAL LLP
233 S. Wacker Dr.
7800 Sears Tower
Chicago, IL  60606
312/876-8000
Firm ID:  90784

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008 I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF WILLIAM BLAIR & COMPANY'S MOTION TO DISMISS COUNTS I AND IV** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered parties:

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLP
55 W. Monroe St.
Chicago, IL  60603

Nicholas E. Chimicles
Kimberly M. Donaldson
Kimberly L. Kimmel
Chimicles & Tikellis LLP
One Haverford Centre
361 W. Lancaster Ave.
Haverford, PA  19041

Lawrence A. Sucharow
Joseph Sternberg
Aya Bouchedid
Labaton Sucharow LLP
140 Broadway
New York, NY  10005

Lawrence Pl Kolker
Alexander H. Schmidt
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Ave.
New York, NY  10016

Thomas Michaud
Jack Timmony
Vanoverbeke Michaud & Timmony, P.C.
79 Alfred St.
Detroit, MI  48201

/s/ Harold C. Hirshman
Harold C. Hirshman

14732377\V-1