UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM and MADISON INVESTMENT TRUST, On behalf of Themselves and All Others Similarly Situated, and Derivatively On behalf of Inland Western Retail Real Estate Trust, Inc., <br><br>     Plaintiffs, <br><br>   v. <br><br> INLAND WESTERN RETAIL REAL ESTATE TRUST, INC., INLAND REAL ESTATE INVESTMENT CORPORATION; THE INLAND GROUP, INC., INLAND WESTERN RETAIL REAL ESTATE ADVISORY SERVICES, INC., INLAND SOUTHWEST MANAGEMENT CORP., INLAND NORTHWEST MANAGEMENT CORP., INLAND WESTERN MANAGEMENT CORP., ROBERT D. PARKS, BRENDA G. GUJRAL, FRANK A. CATALANO, JR., KENNETH H. BEARD, PAUL R. GAUVREAU, GERALD M. GORSKI, BARBARA A. MURPHY, STEVEN P. GRIMES, DANIEL A. GOODWIN, ROBERT A. BAUM, G. JOSEPH COSENZA, KPMG LLP, AND WILLIAM BLAIR & COMPANY, L.L.C., <br><br>     Defendants. | Case No. 07 C 6174 |

## REPLY BRIEF OF WILLIAM BLAIR & COMPANY, L.L.C.

### Introduction

Blair's opening memorandum explained that Blair's opinion is judged under the *Virginia Bankshares* test of objective falsehood and subjective disbelief. (Blair Mem. p. 9.) But while ostensibly accepting the application of *Virginia Bankshares*, Plaintiffs fail to acknowledge the standard of liability it necessitates. (Pltffs. Mem. p. 8.) Subjective awareness necessarily

14745813\V-2

requires more than negligence. Plaintiffs do acknowledge that if negligence is not the standard, the heightened pleading requirements of alleging who, what and where apply. (Pltffs. Mem. as to other defendants, p. 28.) Instead of such particulars, Plaintiffs claim that Blair must have known from its prior work. "Must have known" is not "knew".

The four cases cited in our initial brief are not distinguished. Those cases stand for the general principle that when a banker does not agree to do something, he cannot be faulted for failing to do it. (*See* Blair Mem. p. 6-8.) Unsurprisingly those cases are consistent with the Seventh Circuit holding in *HA2003 Liquidating Trust v. Credit Suisse*, 517 F.3d 454 (7th Cir. 2008).

No shareholder could have been misled into believing that Blair had undertaken extra responsibilities because Blair's opinion says on its face what Blair did and how Blair did it. In addition, Plaintiffs ignore the explicit warning in the proxy opinion that Blair has not opined as to how they are supposed to vote on the merger transaction. (Blair Mem. pp. 3-4.)

No case that Plaintiffs cite holds that Blair was soliciting proxies by permitting its opinion to be included in the proxy statement.[1] Plaintiffs wish to turn Section 14(a) into Section 11 of the 1933 Act. Congress knew how to create liability for a professional who supplies an opinion. Congress explicitly created liability for bankers and other opinion providers in Section 11 but did not do so under Section 14(a). There is no reason for the Court to blur the distinction Congress created.

---

[1] Plaintiffs rely on *Herskowitz* (*infra*, p. 37) and its adoption without discussion in *City Partnership Co. v. Lehman Brothers, Inc.*, 344 F.Supp.2d 1241 (D. Colo. 2004). In *City Partnership* the Court concluded that Lehman's control and active participation in the proxy solicitation subjected it to Section 14(a) liability which the Court refused to find because there was no willful misconduct as required by *Virginia Bankshares*. They also cite *JP Morgan*, 2007 U.S. Dist. LEXIS 938729 (N.D. Ill. 2007) which does not involve a Section 14(a) claim against the fairness opinion provider.

14745813\V-2

**Argument**

As Plaintiffs see it, Blair's opinion is objectively false based on the materials available to shareholders, and it is subjectively false because Blair had worked with the company and the "red flags" were clear. (Pltffs. Mem. p. 10.) But such an assertion fails to meet the requirements of *Virginia Bankshares v. Sandberg*, 501 U.S. 1083 (1991). Like a child stamping its foot and saying it must be so, Plaintiffs assert Blair must have known. "Must have known" is not the same as "knew". Plaintiffs' own brief demonstrates why the Amended Complaint fails the *Virginia Bankshares* test. Blair's "knowledge" is no more than a hypothesis. In essence, but without saying so, Plaintiffs are asking this Court to adopt *Herskowitz v. Nutri/System, Inc.*, 857 F.2d 179 (3rd Cir. 1988), without bothering to explain why *Herskowitz* remains good law after *Virginia Bankshares* and the PSLRA. Blair's opening brief explained the defects in *Herskowitz* which Plaintiffs chose to ignore. Instead Plaintiffs quote *Herskowitz* as saying "since the banker is well paid for the service it performs, we see no convincing reason for not holding it to the same standard of liability as the management it is assisting." In making that statement, the Third Circuit ignored the distinction Congress made between Section 11 of the '33 Act and Section 14(a) of the '34 Act. Section 11 is explicit as to the of liability of professionals: "Every accountant, engineer or appraiser, or any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement" shall be responsible. There is no comparable language in Section 14(a), although both sections address communications by the company or its directors to shareholders on critical subjects – whether to buy a stock or how to vote. The idea that being paid creates liability ignores Congress' words. Even when *Hershkowitz* was decided, lumping fairness opinion providers with management failed to consider that Section 14(a) is addressed to

proxy solicitors and has no language comparable to Section 11 of the 1933 Act. The proxy solicitors here are the directors, not Blair.

Blair's errors are categorized as "recklessly ignored red flags" (Pltffs. Mem. p. 10 n. 9). Despite having acknowledged that recklessness triggers the who, what, when and where requirement of the PSLRA, Plaintiffs ignore those requirements and instead assert that while William Blair was involved in the process and negotiations leading up to the internalization, it secured unspecified knowledge and understanding about the Advisor's and Property Managers' business, and that "red-flags" were clear from the financial statements and William Blair's comparable company analysis. (*Id.*) Plaintiffs assert that the "documents and analysis plainly demonstrated that the stated financial operations of the Advisor and Property Managers were business impossibilities and inflated." (*Id.*) None of this in any way implicates subjective knowledge of falsehood. No case holds that an assertion that Blair <u>should</u> have discovered that the financial statements were false states a claim. *In re AOL-Time-Warner Sec. & "ERISA" Litig.*, 381 F.Supp.2d 192 (S.D.N.Y.) and the other cases cited in Blair's opening memorandum are to the contrary. (Blair Mem. pp. 6-8.)

In *AOL-Time-Warner*, as here, the Morgan Stanley fairness opinion was included in a proxy statement. The amended complaint there claimed that Morgan Stanley didn't believe its stated opinion, and that the opinion was objectively false because the company's accounting was false. "The failure to allege any facts, let alone provable particularized facts, that Morgan Stanley did not believe its stated opinion is fatal to both MSBI section 11 and section 14(a) claims." 381 F.Supp.2d at 243. "Put simply, it was not Morgan Stanley's job to independently investigate AOL's accounting; indeed Morgan Stanley explicitly disclosed this by disavowing any such investigation in the fairness opinion itself. It would be nonsensical to attach Section 11 liability to the issuance of a fairness opinion or failure to investigate the financials of the

underlying company, when the issuer has expressly stated that it relied on the integrity of the information provided by the company." *Id.* at 244. *Global Crossing, Washtenaw County* and *In re McKesson* are to the same effect. (Blair Mem. pp. 6-8.)

Plaintiffs make a feeble attempt (p. 9) to distinguish *Washtenaw* because Houlihan Lowrey wasn't sued, but the *Washtenaw* Court's analysis of when a proxy statement is false does not turn on whether the proxy solicitor or the investment bank is being sued. *Virginia Bankshares* controls.

Plaintiff also argues that Blair made misstatements of fact in ¶¶243-55 of the Amended Complaint. A review of those paragraphs shows no misstatements of fact, only how Blair reached its opinion. Plaintiff cannot end run *Virginia Bankshares* by calling the basis for an opinion "facts," or we are back to *Herskowitz's* mistaken view of the law, that if an expert gets the facts wrong it could be liable. (Pltffs. Mem. p. 9).

## COUNT IV

Aiding and abetting a breach of fiduciary duty also requires pleading the who, what, where and when. *Thornwood v. Jenner & Block*, 344 Ill.App.3d 15, 799 N.E.2d 756 (1st Dist. 2003). So even if this Court were to find that no demand is required, Count IV fails as well.

/s/ Harold C. Hirshman
One of the Attorneys for William Blair

Harold C. Hirshman
Camille E. Bennett
SONNENSCHEIN NATH & ROSENTHAL LLP
233 S. Wacker Dr.
7800 Sears Tower
Chicago, IL 60606
312/876-8000
Firm ID: 90784

14745813\V-2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2008 I electronically filed the foregoing **REPLY BRIEF OF WILLIAM BLAIR & COMPANY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered parties:

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLP
55 W. Monroe St.
Chicago, IL 60603

Nicholas E. Chimicles
Kimberly M. Donaldson
Kimberly L. Kimmel
Chimicles & Tikellis LLP
One Haverford Centre
361 W. Lancaster Ave.
Haverford, PA 19041

Lawrence P. Kolker
Alexander H. Schmidt
Alexander R. Silverberg
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Ave.
New York, NY 10016

Thomas Michaud
Jack Timmony
Vanoverbeke Michaud & Timmony, P.C.
79 Alfred St.
Detroit, MI 48201

James L. Thompson
Anthony Charles Porcelli
Charles B. Sklarsky
Jerold Sherwin Solovy
Jenner & Block
330 N. Wabash
Chicago, IL 606011

Joseph Edward Collins
Samuel Bayard Isaacson
DLA Piper US LLP IL
203 N. LaSalle St., 20th Fl.
Chicago, IL 60601

Courtney Ann Rosen
Richard Bradshaw Kapnick
Sidley Austin LLP
One S. Dearborn St.
Chicago, IL 60603

James C. Schroeder
John Joseph Tharp, Jr.
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606

Jonathan C. Medow
Perkins Coie LLP
131 S. Dearborn St., Ste. 1700
Chicago, IL 60603

And a copy of the foregoing was served by U.S. Mail upon:

Lawrence A. Sucharow
Joseph Sternberg
Aya Bouchedid
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

                /s/ Harold C. Hirshman
                Harold C. Hirshman