MHN

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM and MADISON INVESTMENT TRUST, On behalf of Itself and All Others Similarly Situated, and Derivatively On behalf of Inland Western Retail Real Estate Trust, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>INLAND WESTERN RETAIL REAL ESTATE TRUST, INC., INLAND REAL ESTATE INVESTMENT CORPORATION; THE INLAND GROUP, INC., INLAND WESTERN RETAIL REAL ESTATE ADVISORY SERVICES, INC., INLAND SOUTHWEST MANAGEMENT CORP., INLAND NORTHWEST MANAGEMENT CORP., INLAND WESTERN MANAGEMENT CORP., ROBERT D. PARKS, BRENDA G. GUJRAL, FRANK A. CATALANO, JR., KENNETH H. BEARD, PAUL R. GAUVREAU, GERALD M. GORSKI, BARBARA A. MURPHY, STEVEN P. GRIMES, DANIEL L. GOODWIN, ROBERT H. BAUM, G. JOSEPH COSENZA, KPMG LLP, AND WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Case No. 07 C 6174<br><br>Judge Robert W. Gettleman |

**FINAL JUDGMENT**

**IT IS HEREBY ORDERED THAT:**

1. All capitalized terms used in this Final Judgment shall have the meaning ascribed to them in the Stipulation of Settlement ("Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

2. Solely for purposes of settlement, the Court hereby certifies pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) the following Settlement Class:

> Shareholders of IWEST, and their parents, subsidiaries, affiliates, predecessors, successors, heirs, legatees, beneficiaries, trustees, personal representatives, and assigns, who were shareholders of record as of the close of business on August 31, 2007 and entitled to vote on the matters that were the subject of the Schedule 14A Proxy Statement that was filed with the SEC by IWEST on September 10, 2007, pursuant to Section 14(a) of the Securities Exchange Act of 1934, as amended or as supplemented on October 10, October 12, and November 9, 2007.

The Settlement Class excludes: (i) Defendants; (ii) officers and directors of Defendants; (iii) members of each individual Defendant's immediate family; (iv) any entity in which any Defendant has a controlling interest; and (v) the legal affiliates, representatives, heirs, legatees, beneficiaries, trustees, personal representatives, controlling persons, successors, and predecessors in interest or assigns of any such excluded person or entity.

3. Solely for purposes of settlement, the Court hereby certifies as Settlement Class representatives the Co-Lead Plaintiffs.

4. The Court determines that the Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23(a). In support of this ruling, and solely for purposes of settlement, the Court finds that the Settlement Class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Settlement Class, the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Class, and Co-Lead Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

5. The Court determines that the Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23(b)(2) for purposes of settling and releasing the Settled Equitable Claims. In support of this ruling, and solely for purposes of settlement, the Court finds that Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6. The Court determines that the Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3) for purposes of settling and releasing the Settled Legal Claims. In support of this ruling, and solely for purposes of settlement, the Court finds that the questions of law or fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

7. Class Notice and Summary Notice have been mailed and/or published to the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Class Notice has been filed with the Court by Co-Lead Counsel, proof of the publication of the Summary Notice has been filed with the Court by Co-Lead Counsel, and a full opportunity to be heard has been afforded to all Parties, the Settlement Class, and persons

in interest. The form and manner of the Class Notice and Summary Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of due process and the notice requirements of the Federal Rules of Civil Procedure and any other applicable law.

8. The Court finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

9. Co-Lead Counsel has filed with the Court a list of persons who timely requested exclusion from the Settlement Class, a true and correct copy of which is attached hereto as Exhibit B and incorporated as if fully set forth herein. The persons identified on Exhibit B have not released, and shall not be deemed to have released, their Settled Legal Claims pursuant to the Settlement Agreement, and are not enjoined from filing Settled Legal Claims against the Released Persons pursuant to this Final Judgment. However, as permitted by Federal Rule of Civil Procedure 23(b)(2), the persons identified on Exhibit B have released, and shall be deemed to have released, their Settled Equitable Claims pursuant to the Settlement Agreement, and are enjoined permanently from filing Settled Equitable Claims against the Released Persons pursuant to this Final Judgment.

10. The Parties shall comply with the terms of the Settlement Agreement attached hereto as Exhibit A, the terms of which are incorporated as if fully set forth herein.

11. Co-Lead Plaintiffs, for themselves and their parents, subsidiaries, affiliates, predecessors, members, participants, investors, beneficiaries, successors, and assigns, as well as each member of the Settlement Class, by Court approval of the Settlement Agreement and by operation of this Final Judgment, fully, finally, irrevocably, and forever release, relinquish, and discharge all Settled Equitable Claims and Settled Legal Claims against each of the Released Persons.

12. For purposes of enforcing the foregoing release, except for the class members identified on Exhibit B and solely with respect to their Settled Legal Claims, the members of the Settlement Class are permanently enjoined from filing either Settled Equitable Claims or Settled Legal Claims against any of the Released Persons.

13. Each Defendant, for itself and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, fully, finally, irrevocably, and forever releases, relinquishes, and discharges all Settled Defense Claims against each of the Released Persons, and any claims against Co-Lead Plaintiffs and Co-Lead Counsel arising out of the commencement and prosecution of this Action.

14. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1). To the extent this Final Judgment is later determined to violate Federal Rule of Civil Procedure 65(d)(1) in any respect, each of the Parties expressly waives his, her, or its rights thereunder.

15. The Court shall rule in a separate order on Co-Lead Counsel's fee petition seeking reasonable attorneys' fees and costs and expenses which comports with the applicable provisions of the Settlement Agreement.

16. This above-entitled cause is dismissed with prejudice.

ENTERED this 8th day of November, 2010.

BY THE COURT:

Hon. Robert W. Gettleman

# EXHIBIT A to Final Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES GENERAL EMPLOYEES RETIREMENT SYSTEM and MADISON INVESTMENT TRUST, On behalf of Itself and All Others Similarly Situated, and Derivatively On behalf of Inland Western Retail Real Estate Trust, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>INLAND WESTERN RETAIL REAL ESTATE TRUST, INC., INLAND REAL ESTATE INVESTMENT CORPORATION; THE INLAND GROUP, INC., INLAND WESTERN RETAIL REAL ESTATE ADVISORY SERVICES, INC., INLAND SOUTHWEST MANAGEMENT CORP., INLAND NORTHWEST MANAGEMENT CORP., INLAND WESTERN MANAGEMENT CORP., ROBERT D. PARKS, BRENDA G. GUJRAL, FRANK A. CATALANO, JR., KENNETH H. BEARD, PAUL R. GAUVREAU, GERALD M. GORSKI, BARBARA A. MURPHY, STEVEN P. GRIMES, DANIEL L. GOODWIN, ROBERT H. BAUM, G. JOSEPH COSENZA, KPMG LLP, AND WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Case No. 07 C 6174<br><br>Judge Robert W. Gettleman |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement is made and entered into by and among the Parties, by and through the undersigned Co-Lead Counsel and counsel for the Defendants.

**WHEREAS,** on August 14, 2007, Inland Western Retail Real Estate Trust, Inc. entered into that certain Agreement and Plan of Merger by which it would acquire Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp. from Inland Real Estate Investment Corporation and IWEST Merger Agent, LLC, as agent for the selling stockholders, in consideration for 37,500,000 Inland Western Retail Real Estate Trust, Inc. shares.

**WHEREAS,** on September 10, 2007, Inland Western Retail Real Estate Trust, Inc. filed with the Securities and Exchange Commission a Schedule 14A proxy statement soliciting shareholder ratification of the Agreement and Plan of Merger. And, whereas, in September 2007, Inland Western Retail Real Estate Trust, Inc. also mailed the Schedule 14A proxy statement to stockholders who were shareholders of record as of August 31, 2007.

**WHEREAS,** on November 13, 2007, Inland Western Retail Real Estate Trust, Inc. shareholders ratified the Agreement and Plan of Merger.

**WHEREAS,** on November 15, 2007, Inland Western Retail Real Estate Trust, Inc. closed on the Agreement and Plan of Merger. And, whereas, on the same date, Inland Western Retail Real Estate Trust, Inc., Inland Real Estate Investment Corporation, IWEST Merger Agent, LLC, as agent for the selling stockholders, and LaSalle Bank, N.A., as escrow agent, entered into that certain Escrow Agreement by which certain merger consideration, consisting of 20,625,000 Inland Western Retail Real Estate Trust, Inc. shares, was deposited into the Escrow Fund.

**WHEREAS,** on November 1, 2007, the City of St. Clair Shores General Employees Retirement System filed a class action and derivative complaint against Inland Western Retail Real Estate Trust, Inc., Inland Real Estate Investment Corporation, The Inland Group, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., Inland Western Management Corp., Robert D. Parks, Brenda G. Gujral, Frank A. Catalano, Jr., Kenneth H. Beard, Paul R. Gauvreau, Gerald M. Gorski, Barbara A. Murphy, Steven P. Grimes, Daniel L. Goodwin, Robert H. Baum, G. Joseph Cosenza, and William Blair & Company, LLC.

**WHEREAS,** on January 22, 2008, the Court, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), appointed the City of St. Clair Shores General Employees Retirement System and Madison Investment Trust Co-Lead Plaintiffs and appointed the law firms of Chimicles & Tikellis LLP, Labaton Sucharow LLP, and Wolf Haldenstein Adler Freeman & Herz LLP as Co-Lead Counsel.

**WHEREAS,** on June 12, 2008, the City of St. Clair Shores General Employees Retirement System and Madison Investment Trust filed an amended class action and derivative complaint against Inland Western Retail Real Estate Trust, Inc., Inland Real Estate Investment Corporation, The Inland Group, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., Inland Western Management Corp., Robert D. Parks, Brenda G. Gujral, Frank A. Catalano, Jr., Kenneth H. Beard, Paul R. Gauvreau, Gerald M. Gorski, Barbara A. Murphy, Steven P. Grimes, Daniel L. Goodwin, Robert H. Baum, G. Joseph Cosenza, KPMG LLP, and William Blair & Company, LLC.

**WHEREAS,** in July 2008, Defendants moved to dismiss the amended class action and derivative complaint.

**WHEREAS,** on April 1, 2009, the Court granted in part and denied in part Defendants' motions to dismiss the amended class action and derivative complaint.

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 9 of 33 PageID #:3397

**WHEREAS,** on May 1, 2009, the City of St. Clair Shores General Employees Retirement System and Madison Investment Trust filed a second amended class action complaint against Inland Western Retail Real Estate Trust, Inc., Inland Real Estate Investment Corporation, The Inland Group, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., Inland Western Management Corp., Robert D. Parks, Brenda G. Gujral, Frank A. Catalano, Jr., Kenneth H. Beard, Paul R. Gauvreau, Gerald M. Gorski, Barbara A. Murphy, Steven P. Grimes, Daniel L. Goodwin, Robert H. Baum, G. Joseph Cosenza, KPMG LLP, and William Blair & Company, LLC.

**WHEREAS,** on May 29, 2009, Defendants moved to dismiss the second amended class action complaint.

**WHEREAS,** on June 4, 2009, the Court denied the motion to dismiss the second amended class action complaint.

**WHEREAS,** beginning in July 2009 the Parties engaged in discovery.

**WHEREAS,** in and subsequent to January 2010, the Parties engaged in mediation with Jonathan Marks.

**NOW, THEREFORE,** in consideration of the mutual undertakings and consideration provided for herein, the Co-Lead Plaintiffs, on behalf of themselves and the Settlement Class, on the one hand, and the Defendants, on the other hand, subject to approval by the court pursuant to Federal Rule of Civil Procedure 23(e), hereby stipulate and agree that the Action is hereby settled and compromised upon the terms and conditions set forth herein:

1. **DEFINITIONS**

For purposes of this Stipulation of Settlement, the following terms have the indicated meanings, unless a section or subsection of this Stipulation of Settlement otherwise provides:

a. "Action" means *City of St. Clair Shores General Employees Retirement System, et al. v. Inland Western Retail Real Estate Trust, Inc., et al.*, No. 07 C 6174 (N.D. Ill.).

b. "Advisor" means Inland Western Retail Real Estate Advisory Services, Inc.

c. "Baum" means Robert H. Baum (individually and in his capacity as Vice President of IWEST Merger Agent LLC).

d. "Beard" means Kenneth H. Beard.

e. "Blair" means William Blair & Company, LLC.

f. "Catalano" means Frank A. Catalano, Jr.

g. "Class Notice" means the Notice of Pendency and Proposed Settlement of Class Action that is to be mailed to the Settlement Class substantially in the form attached as Exhibit A hereto.

h. "Co-Lead Counsel" means the law firms of Chimicles & Tikellis LLP, Labaton Sucharow LLP, and Wolf Haldenstein Adler Freeman & Herz LLP.

i. "Co-Lead Plaintiffs" means City of St. Clair Shores General Employees Retirement System and Madison Investment Trust.

j. "Cosenza" means G. Joseph Cosenza.

k. "Court" means the United States District Court for the Northern District of Illinois and the Honorable Robert W. Gettleman, to whom the Action was assigned.

l. "Defendants" means IWEST, IREIC, TIGI, Advisor, ISMC, INMC, IWMC, Parks, Gujral, Catalano, Beard, Gauvreau, Gorski, Murphy, Grimes, Goodwin, Baum, Cosenza, KPMG, and William Blair.

m. "Discovery" means the discovery conducted by Co-Lead Counsel prior to and throughout the litigation relating to the allegations in the Action.

n. "Effective Date" means the date by which all of the following have occurred: (i) the Stipulation of Settlement has been finally approved by the Court; (ii) the Judgment has been entered by the Court and not vacated or materially modified upon appeal or otherwise, unless such material modifications are agreed to in writing by the Defendants and Co-Lead Counsel; (iii) the dismissal with prejudice of the Action against each and all of the Defendants; and (iv) either (x) the time to appeal, or otherwise seek review of the Judgment, has expired without any appeal having been taken or review sought, or (y) if an appeal is taken or review sought, the expiration of five (5) days after the final decision on any such appeal or review shall have been rendered by the highest court before which appeal or review is sought and such decision is not subject to further judicial review, or such appeal has been dismissed.

o. "Equitable Relief" means any remedy other than Legal Relief, including, without limitation, a declaratory judgment, an injunction, specific performance, rescission, reformation, disgorgement, restitution, cancellation of shares, repurchase of shares, retirement of shares, an accounting, or a constructive trust.

p. "Escrow Agreement" means that certain agreement entered into on November 15, 2007 by and between IREIC, IWEST, IWEST Merger Agent, LLC, and LaSalle Bank, N.A.

q. "Escrow Fund" means the 20,625,000 IWEST Shares placed into and still remaining in escrow pursuant to the Agreement and Plan of Merger and the Escrow Agreement.

r. "Gauvreau" means Paul R. Gauvreau.

s. "Goodwin" means Daniel L. Goodwin (individually and in his capacity as sole member and President of IWEST Merger Agent LLC).

t. "Gorski" means Gerald M. Gorski.

u. "Grimes" means Steven P. Grimes.

v. "Gujral" means Brenda G. Gujral.

w. "Inland Parties" means IWEST, INMC, ISMC, IWMC, Advisor, Parks, Gujral, Catalano, Beard, Gauvreau, Gorski, Murphy, Grimes, Goodwin, Baum, and/or Cosenza.

x. "INMC" means Inland Northwest Management Corp, a Delaware Corporation.

y. "IREIC" means Inland Real Estate Investment Corporation, a Delaware corporation.

z. "ISMC" means Inland Southwest Management Corp, a Delaware corporation.

aa. "IWEST" means Inland Western Retail Real Estate Trust, Inc, a Maryland corporation.

bb. "IWEST Director and Officer Defendants" means Parks, Gujral, Catalano, Beard, Gauvreau, Gorski, Murphy, and Grimes.

cc. "IWEST Merger Agent" means IWEST Merger Agent, LLC, a Delaware limited liability company.

dd. "IWEST Shares" means shares of IWEST stock.

ee. "IWMC" means Inland Western Management Corp., a Delaware corporation.

ff. "Judgment" means the order approving this Stipulation of Settlement, and the Final Judgment entered pursuant to that order substantially in the form attached as Exhibit B hereto.

gg. "KPMG" means KPMG LLP.

hh. "Legal Relief" means compensatory, punitive, incidental, liquidated, consequential, or nominal damages.

ii. "Murphy" means Barbara A. Murphy.

jj. "Opt-Out Litigation" means any and all claims, duties, demands, actions, causes of action, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of whatever kind, nature, character, or description asserted by IWEST shareholders who opt out or purport to opt out of the Settlement Class, whether arising in tort, contract, or otherwise, whether known or unknown, whether anticipated or unanticipated, whether or not matured, accrued, or ripe, that are based upon, related to, or arise out of in whole or in part (i) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were alleged or could have been alleged in the Action or (ii) any count or allegation contained in any complaint in the Action against any of the Released Persons.

kk. "Opt-Out Threshold" means the percentage of IWEST outstanding shares set forth in a side letter agreement between Co-Lead Plaintiffs and Defendants to be filed under seal with the Court.

ll. "Parks" means Robert D. Parks.

mm. "Parties" means any party in this Action, including: (i) Co-Lead Plaintiffs; (ii) the Settlement Class; and (iii) the Defendants.

nn. "Preliminary Approval Order" means the order granting preliminary approval of this Stipulation of Settlement substantially in the form attached as Exhibit C hereto.

oo. "Proxy" means the Schedule 14A proxy statement soliciting shareholder ratification of the Agreement and Plan of Merger filed with the Securities and Exchange Commission by IWEST on September 10, 2007, pursuant to Section 14(a) of the Securities Exchange Act of 1934, as amended or supplemented on October 10, October 12, and November 9, 2007.

pp. "Released Persons" shall include: (i) the Defendants; (ii) any individual or entity that could have been named by the Co-Lead Plaintiffs as a defendant in the Action (collectively the "Potential Defendants"); (iii) any

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 13 of 33 PageID #:3401

affiliates of the Defendants or Potential Defendants, including, without limitation, limited liability companies, partnerships and corporations (the "Affiliates"); (iv) the heirs, legatees, beneficiaries, trustees, personal representatives, predecessors, successors, and assigns of the Defendants, Potential Defendants, and Affiliates; and (v) the respective past and present officers, directors, managers, members, partners, employees, agents, consultants, advisors, attorneys, accountants, experts, or representatives of the Defendants, Potential Defendants, and Affiliates.

qq. "Settled Defense Claims" means any and all claims (including, without limitation, cross-claims, third party claims, indemnification claims, and contribution claims), duties, obligations, demands, actions, causes of action, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of whatever kind, nature, character, or description by any Defendant in the Action against any other Defendant in the Action, whether for Legal Relief or Equitable Relief, whether arising in tort, contract, or otherwise, whether known or Unknown Claims, whether anticipated or unanticipated, whether or not matured, accrued, or ripe, or whether or not alleged in the Action, based upon, related to, or arising out of, in whole or in part: (i) the Proxy, including all Independent Auditors' Reports contained therein; (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were alleged in the Action; or (iii) the litigation and settlement of this Action. Notwithstanding anything to the contrary in this Stipulation of Settlement or this section hereof, Settled Defense Claims exclude any and all claims (including, without limitation, cross-claims, third party claims, indemnification claims, and contribution claims), duties, obligations, demands, actions, causes of action, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of whatever kind, nature, character, or description, whether for Legal Relief or Equitable Relief, whether arising in tort, contract, or otherwise, whether known or Unknown Claims, whether anticipated or unanticipated, whether or not matured, accrued, or ripe, or whether or not alleged in the Action: (i) by and between KPMG or Blair, on the one hand, and the Inland Parties, on the other hand, based upon, relating to, or arising out of the Opt-Out Litigation; (ii) by and between those certain individuals, on the one hand, and IREIC, IWEST Merger Agent, and the Stockholders, on the other hand, as set forth in, and subject to, the Indemnity Letter Agreement; (iii) by and between the IWEST Director and Officer Defendants, on the one hand, and IWEST, on the other hand, for indemnification pursuant to: (x) Article VII of the Third Amended and Restated Bylaws of IWEST; (y) Article XIV of the IWEST Fourth Articles of Amendment and Restatement; or (z) individual indemnification agreements between IWEST Director and Officer Defendants and IWEST, based upon, relating to, or arising out of the Opt-Out Litigation; and (iv) by and between

Defendants based upon, relating to, or arising out of the interpretation or enforcement of the terms of this Stipulation of Settlement.

rr. "Settled Equitable Claims" means any and all claims, duties, obligations, demands, actions, causes of action, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of whatever kind, nature, character, or description for Equitable Relief, whether arising in tort, contract, or otherwise, whether known or Unknown Claims, whether anticipated or unanticipated, whether or not matured, accrued, or ripe, or whether or not alleged in the Action, based upon, related to, or arise out of in whole or in part (i) the Proxy, including all Independent Auditors' Reports contained therein; (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were alleged in the Action; or (iii) any count or allegation contained in any complaint in the Action by any of the Co-Lead Plaintiffs against any one or more of the Released Persons through the date when Judgment is entered dismissing the Action with prejudice.

ss. "Settled Legal Claims" means any and all claims, duties, obligations, demands, actions, causes of action, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of whatever kind, nature, character, or description for Legal Relief, whether arising in tort, contract, or otherwise, whether known or Unknown Claims, whether anticipated or unanticipated, whether or not matured, accrued, or ripe, or whether or not alleged in the Action, based upon, related to, or arise out of in whole or in part (i) the Proxy, including all Independent Auditors' Reports contained therein; (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were alleged in the Action; or (iii) any count or allegation contained in any complaint in the Action by any of the Co-Lead Plaintiffs against any one or more of the Released Persons through the date when Judgment is entered dismissing the Action with prejudice.

tt. "Settlement Class" means shareholders of IWEST, and their parents, subsidiaries, affiliates, predecessors, successors, heirs, legatees, beneficiaries, trustees, personal representatives, and assigns, who were shareholders of record as of the close of business on August 31, 2007 and entitled to vote on the matters that were the subject of the Schedule 14A Proxy Statement that was filed with the SEC by IWEST on September 10, 2007, pursuant to Section 14(a) of the Securities Exchange Act of 1934, as amended or as supplemented on October 10, October 12, and November 9, 2007. The Settlement Class excludes: (i) Defendants; (ii) officers and directors of Defendants; (iii) members of each individual Defendant's immediate family; (iv) any entity in which any Defendant has a controlling interest; and (v) the legal affiliates, representatives, heirs, legatees, beneficiaries, trustees, personal representatives, controlling

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 15 of 33 PageID #:3403

persons, successors, and predecessors in interest or assigns of any such excluded person or entity.

uu. "Settlement Consideration" means the consideration and benefits set forth in section 2 below.

vv. "Settlement Hearing" means the final approval hearing to be scheduled by the Court to determine whether the proposed Stipulation of Settlement is fair, reasonable, and adequate and should be approved pursuant to Federal Rule of Civil Procedure 23(e).

ww. "Summary Notice" means the form of Summary Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached as Exhibit D hereto.

xx. "TIGI" means The Inland Group, Inc, a Delaware corporation.

yy. "Unknown Claims" means either: (i) any claims that Co-Lead Plaintiffs or the Settlement Class do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement; or (ii) any claims that a Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the other Defendants which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the other Defendants, or might have affected his, her, or its decision to enter into this settlement.

## 2. SETTLEMENT CONSIDERATION

In consideration of the covenants and mutual promises provided for herein and in full, complete, and irrevocable satisfaction and settlement of the Action and of all Settled Legal Claims and Settled Equitable Claims, the Settlement Consideration shall consist of the following:

a. **Return of IWEST Shares.** IWEST, IREIC, and IWEST Merger Agent shall cause an amendment to the Escrow Agreement extending the distribution date of the Escrow Fund to the Effective Date. Upon the Effective Date, IWEST, IREIC, and IWEST Merger Agent shall cause 9,000,000 IWEST Shares to be transferred from the Escrow Fund to IWEST. Defendants shall not object to Plaintiffs' use and reference, in valuing the Settlement, to a range of value for the 9,000,000 IWEST Shares that includes $10 per share (the price used to calculate the Internalization Consideration) and the estimated values disclosed by IWEST in its public filings since the commencement of the Action.

b. **Class Notice Expenses.** KPMG LLP shall pay the reasonable costs and expenses relating to Class Notice and Summary Notice up to $150,000. IWEST shall pay the reasonable costs and expenses relating to Class Notice and Summary Notice exceeding $150,000. IWEST, in the manner and form agreed to by the Parties and in accordance with the Preliminary Approval Order, shall administer Class Notice and Summary Notice.

c. **Attorneys' Fees, Costs, And Expenses.** IWEST shall cause to be paid a fee award on behalf of the Settlement Class to Co-Lead Counsel in an amount to be awarded by the Court but not to exceed $10,000,000, inclusive of expenses and costs, pursuant to Section 3(a), *infra*.

3. **ATTORNEYS' FEES, COSTS, AND EXPENSES**

a. Co-Lead Counsel shall file a fee petition seeking reasonable attorneys' fees and costs and expenses in an amount not to exceed $10,000,000. Defendants shall not oppose such fee petition so long as the amount sought does not exceed $10,000,000. IWEST's payment of fees to Co-Lead Counsel shall be conditioned upon the entry of a fee and expense award by the Court. IWEST shall make payment of the fee and expense award, if any, in an amount not to exceed $10,000,000 within three (3) days after the Effective Date.

b. The failure of the Court to approve the fee petition set forth in Section 3(a), *supra*, shall not relieve the Parties of their respective obligations as set forth in this Stipulation of Settlement. This Stipulation of Settlement is not conditioned upon the Court awarding payment of attorneys' fees and costs and expenses to Co-Lead Counsel.

c. Except as otherwise provided in this Section 3 and 2.b., as between the Parties, the Co-Lead Plaintiffs and Defendants shall bear all of their own costs, fees, and expenses associated with the prosecution and settlement of this Action.

4. **SETTLEMENT CLASS**

The Settlement Class shall be certified under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), as defined in Section 1, *supra*, and described in further detail below:

a. Solely for purposes of this Stipulation of Settlement, the Parties to this Action stipulate to the certification, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), of the Settlement Class solely for purposes of settling and releasing the Settled Legal Claims and Settled Equitable Claims. By stipulating to the certification of the Settlement Class, Defendants do not admit that class certification under Rule 23(b)(2) or Rule 23(b)(3) would be proper for any other purpose in this Action or for any purpose in another action or proceeding.

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 17 of 33 PageID #:3405

b. The Settlement Class representatives are Co-Lead Plaintiffs. Certification of the Co-Lead Plaintiffs as Settlement Class representatives by virtue of this Stipulation of Settlement shall be solely for purposes of this Settlement. By stipulating to the appointment of Co-Lead Plaintiffs as the Settlement Class representatives, Defendants do not admit that Co-Lead Plaintiffs constitute adequate representatives of the members constituting the Settlement Class for any other purpose in this Action or for any purpose in another action or proceeding.

c. The Parties understand, agree, and intend that, in settling the Settled Equitable Claims pursuant to Federal Rule of Civil Procedure 23(b)(2), IWEST shareholders shall have no right to request exclusion, or be excluded from, the Settlement Class with respect to the Settled Equitable Claims, and all IWEST shareholders shall irrevocably be bound to the settlement thereof, including the releases hereinafter provided with respect to the Settled Equitable Claims.

d. The Parties understand, agree, and intend that, in settling the Settled Legal Claims pursuant to Federal Rule of Civil Procedure 23(b)(3), IWEST shareholders shall be given, by means of the Class Notice, notice and reasonable opportunity to request exclusion from the Settlement Class with respect to, and only with respect to, the Settled Legal Claims. The last date for opting out of the Settlement Class with respect to the Settled Legal Claims shall be no later than twenty-one (21) days prior to the Settlement Hearing.

5. **SETTLEMENT HEARING**

a. As soon as practicable after execution of this Stipulation of Settlement, Co-Lead Plaintiffs and Defendants shall jointly move for entry of the Preliminary Approval Order. Among other things, the Preliminary Approval Order shall:

i. preliminarily approve the terms and conditions of this Stipulation of Settlement;

ii. preliminarily certify the Settlement Class;

iii. approve the form and content of the Class Notice and direct the manner and timing of its dissemination to the Settlement Class members; and

iv. establish the date, time, and place for conducting the Settlement Hearing.

b. At the Settlement Hearing, Co-Lead Plaintiffs shall seek:

i. approval by the Court of the terms and conditions of this Stipulation of Settlement as being fair, reasonable, and adequate and warranting approval pursuant to Federal Rule of Civil Procedure 23(e);

ii. entry of the Judgment; and

iii. approval of the payment of attorneys' fees, costs, and expenses, in accordance with this Stipulation of Settlement.

6. <u>RELEASE</u>

a. **Plaintiffs.** Co-Lead Plaintiffs, for themselves and their parents, subsidiaries, affiliates, predecessors, members, participants, investors, beneficiaries, successors, and assigns, as well as each Settlement Class member, by Court approval of this Stipulation of Settlement and by operation of the Judgment (and any other necessary orders), fully, finally, irrevocably, and forever release, relinquish, and discharge all Settled Equitable Claims and Settled Legal Claims against each of the Released Persons.

b. **Defendants.** Each Defendant, for itself and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, fully, finally, irrevocably, and forever releases, relinquishes, and discharges all Settled Defense Claims against each of the Released Persons, and any claims against Co-Lead Plaintiffs and Co-Lead Counsel arising out of the commencement and prosecution of this Action.

7. <u>RELEASE REPRESENTATIONS AND WARRANTIES</u>

a. Each of Co-Lead Plaintiffs, on behalf of itself and all members of the Settlement Class, represent and warrant to the Released Persons that they have title to, and have not previously transferred or otherwise encumbered, the Settled Equitable Claims and the Settled Legal Claims.

b. Each of Defendants represent and warrant to one another that she, he, or it has title to, and has not previously transferred or otherwise encumbered, the Settled Defense Claims.

c. Each of Co-Lead Plaintiffs (on behalf of itself and all members of the Settlement Class), IWEST, IREIC, TIGI, Advisor, ISMC, INMC, IWMC, KPMG, Blair, Parks, Gujral, Catalano, Beard, Gauvreau, Gorski, Murphy, Grimes, Goodwin, Baum, and Cosenza hereby waive any and all rights under any state, federal, or foreign law, regulation, or legal principle limiting the effect of a release of Unknown Claims, including under California Civil Code § 1542, which provides: "A general release does not

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 19 of 33 PageID #:3407

extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

d. The releases set forth in Section 6 of this Stipulation of Settlement, *supra*, shall take effect upon the Effective Date.

## 8. DENIAL OF LIABILITY

Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or any violation of law or any act of negligence or misconduct, and state they are entering into the Stipulation of Settlement to eliminate the burden and expense of further litigation. Further, by entering into this Stipulation of Settlement, Defendants do not admit any fault or liability with respect to any claim of wrongdoing or damage whatsoever or any infirmity in the defenses asserted by the Defendants.

## 9. COOPERATION

a. The Parties hereto and their counsel agree to cooperate fully with one another in seeking preliminary and final Court approval of this Stipulation of Settlement and consummation of its terms. Neither Co-Lead Plaintiffs nor Defendants shall seek to evade their good faith obligations to cooperate in seeking approval and implementation of this Stipulation of Settlement by virtue of any rulings, orders, governmental report, or other development, whether in this Action or in any other proceedings, that might hereafter occur and might be deemed to alter the relative strength of the Parties with respect to any claim or defense or their relative bargaining power with respect to negotiating a Stipulation of Settlement.

b. If the terms of this Stipulation of Settlement are finally approved by the Court, the Parties shall jointly request that the Court enter the Judgment, substantially in the form of Exhibit B, as well as such other orders, if any, as may be necessary to direct the Parties to implement the terms of the Stipulation of Settlement.

## 10. TERMINATION

a. This Stipulation of Settlement shall terminate only upon the occurrence of one of the following events:

i. Co-Lead Counsel reasonably and in good faith determine that the Discovery does not support the fairness, adequacy, and reasonableness of the settlement and provide written notice of termination to Defendants no later than 5:00 pm E.S.T. on June 4, 2010;

ii. the Court does not approve this Stipulation of Settlement (except with respect to any decision by the Court concerning attorneys' fees, costs, and expenses as set forth in Section 3, *supra*);

iii. the Court approves this Stipulation of Settlement with material modifications (except with respect to any decision by the Court concerning attorneys' fees, costs, and expenses as set forth in Section 3, *supra*) and the adversely affected Party(ies) provides written notice of termination to the other Parties within five (5) days after such Court approval;

iv. the Court enters the Judgment with material modifications (except with respect to any decision by the Court concerning attorneys' fees, costs, and expenses as set forth in Section 3, *supra*) and the adversely affected Party(ies) provides written notice of termination to the other Parties within five (5) days after such entry of Judgment;

v. the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court reverses, vacates, or otherwise materially modifies, on appeal, an order of the Court approving this Stipulation of Settlement and/or the Judgment (except with respect to any decision by the Court concerning attorneys' fees, costs, and expenses as set forth in Section 3, *supra*) and the adversely affected Party(ies) provide written notice of termination to the other Parties within five (5) days after entry of the appellate order effecting such reversal, vacatur, or material modification; or

vi. IWEST shareholders representing more shares than the Opt-Out Threshold timely and properly opt out of the Settlement Class with respect to the Settled Legal Claims, Co-Lead Counsel are unable to solicit and receive irrevocable withdrawals or retractions of opt-outs so as to bring the number of opt-out shares below the Opt-Out Threshold within ten (10) days after the final date for opting out, and Goodwin or IWEST provides a written notice of termination to Co-Lead Counsel no later than five (5) days after such ten (10) day period.

b. Upon the termination of this Stipulation of Settlement:

i. the Stipulation of Settlement and any orders entered pursuant thereto shall be null, void, and unenforceable;

ii. the Parties shall revert to their litigation positions immediately prior to the execution of this Stipulation of Settlement;

iii. any orders that may have been vacated or expunged as a result of this Stipulation of Settlement shall be reinstated *nunc pro tunc*; and

iv. the fact and terms of the Stipulation of Settlement shall not be used in any proceeding against the Defendants or the Released Persons.

c. All documents produced, formally or informally, in Discovery and all statements or communications made during the course of any interviews conducted by Co-Lead Counsel for the purpose of determining whether to exercise their terminations rights under Section 10(a)(i) ("Interviews") shall be treated as "Confidential" under the terms of the Stipulated Confidentiality Agreement and Order entered in the Action on August 7, 2009. In addition, in the event this Stipulation of Settlement is terminated for any reason, no Interviews may thereafter be used in the Action or in any other proceeding.

d. Notwithstanding anything to the contrary herein, Section 10 shall survive the termination of this Stipulation of Settlement, and this Stipulation of Settlement thereafter shall be admissible solely to enforce the terms of Section 10.

11. <u>GENERAL</u>

a. **Limited Use of Stipulation of Settlement.** Neither this Stipulation of Settlement, whether or not executed or consummated, nor its terms, provisions, or exhibits, nor the negotiations or proceedings connected with it, nor any other document created in connection with the implementation of the settlement of this Action shall be:

i. construed as an admission of any sort whatsoever, or a finding of negligence or wrongful conduct, act, or omission, or useable for any purpose except the enforcement of this Stipulation of Settlement by any Party;

ii. offered or received as evidence in the Action or in any other proceeding between one or more of Co-Lead Plaintiffs and one or more of the Defendants except to enforce this Stipulation of Settlement; or

iii. referred to by Co-Lead Counsel or Co-Lead Plaintiffs in a press release, article, web-site posting, or other written publication unless the author or speaker: (x) expressly references the Defendants' Denial of Liability as specified in Section 8 of this Stipulation of Settlement; and (y) refrains from making any such press release, public statement, disclosure, communication,

comment, or written publication until the date on which the Settlement is referred to in a press release, filing, or other public disclosure by one of the Defendants. The time restraint in (y) shall not apply to Co-Lead Counsel's communications with members of the Settlement Class.

b. **Calculation of Time.** All time periods set forth herein shall be computed in calendar business days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation of Settlement or by order of Court, the following days shall be excluded: (i) the day of the act, event, or default from which the designated period of time begins to run; (ii) Saturdays and Sundays; and (iii) legal holidays. As used in this subsection, "legal holiday" means New Year's Day, Martin Luther King Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States of America. If the last day of the period falls on one of the dates described above, the date of performance shall be on the next day that is not a Saturday, Sunday, or legal holiday.

c. **Notice.** Whenever this Stipulation of Settlement requires or contemplates that one or more Parties shall or may give notice to the other Parties, notice shall be provided by e-mail and overnight courier service as follows:

i. If to Co-Lead Plaintiffs, then to:

Nicholas E. Chimicles
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Phone: (610) 642-8500
Email: **nick@chimicles.com**

Lawrence A. Sucharow
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, New York
Phone: (212) 907-0700
E-mail:**lsucharow@labaton.com**

Adam J. Levitt
Wolf, Haldenstein, Adler, Freeman & Herz LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Phone: (312) 984-0000

E-mail: **levitt@whafh.com**

ii. If to TIGI, IREIC, Baum, Cosenza, Goodwin, Gujral, and/or Parks, then to:

James L. Thompson
Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 923-2944
E-mail:**jthompson@jenner.com**

iii. If to IWEST, Advisor, ISMC, INMC, IWMC, Catalano and/or Grimes, then to:

Samuel B. Isaacson
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone: (312) 368-2163
Email: **samuel.isaacson@dlapiper.com**

iv. If to Beard, Gauvreau, Gorski, and/or Murphy, then to:

Richard B. Kapnick
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
Phone: (312) 853-7846
E-mail:**rkapnick@sidley.com**

v. If to KPMG LLP, then to:

Jonathan C. Medow
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-7060
E-mail: **jmedow@mayerbrown.com**

vi. If to William Blair & Company, LLC, then to:

Harold C. Hirshman
Sonneschein, Nath & Rosenthal LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606

Phone: (312) 876-8025
E-mail: **hhirshman@sonnenschein.com**

d. **Merger.** This Stipulation of Settlement supersedes and revokes any and all previous oral or written representations, warranties, or agreements entered into between the Parties relating to the subject matter of this Stipulation of Settlement.

e. **Integration.** Each of Co-Lead Plaintiffs and Defendants acknowledges, warrants, and represents that no promises, representations, or inducements, except as herein set forth, have been offered or made by the other to secure the execution of this Stipulation of Settlement, and that this Stipulation of Settlement is executed without reliance on any statements or any representations not contained herein. Each of the Co-Lead Plaintiffs and Defendants knowingly waives: (i) any claim that this Stipulation of Settlement was induced by any misrepresentation or nondisclosure; and (ii) any right to rescind or avoid this Stipulation of Settlement based upon presently existing facts, known or unknown.

f. **No Oral or Unilateral Modification or Waiver.** This Stipulation of Settlement may not be amended, revoked, changed, or modified except by way of a written agreement executed by Co-Lead Plaintiffs and Defendants. No waiver of any provision of this Stipulation of Settlement shall be valid unless in writing and signed by the Party against whom such waiver is charged. The failure to enforce any term or condition of this Stipulation of Settlement is not intended and shall not act as a waiver of any future breach or of any right or remedy under this Stipulation of Settlement or applicable law.

g. **Third Party Beneficiaries.** Each of the Parties intends that this Stipulation of Settlement shall not benefit or create any right or cause of action in or on behalf of any individual or entity other than the Parties to this Stipulation of Settlement. Notwithstanding anything to the contrary in this Stipulation of Settlement or this section hereof, third party beneficiaries of the releases set forth in Section 6 of this Stipulation of Settlement shall be entitled to enforce the releases and the related representations and warranties in Section 7 of this Stipulation of Settlement in accordance with their terms.

h. **Choice of Law.** This Stipulation of Settlement shall be governed by the substantive laws of the State of Illinois without regard to its choice-of-law or conflict of law principles or provisions. The Parties hereby waive any and all objections and instead submit to personal jurisdiction, subject matter jurisdiction, and venue in the United States District Court for the Northern District of Illinois in connection with any legal action to

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 25 of 33 PageID #:3413

implement or enforce the terms of this Stipulation of Settlement or the Judgment.

i. **Assignment.** This Stipulation of Settlement shall be binding upon and inure to the benefit of each of the Parties' respective successors and assigns.

j. **Drafted Equally.** Each of Co-Lead Plaintiffs and Defendants agrees that this Stipulation of Settlement was negotiated fairly between them at arm's length and that the final terms of this Stipulation of Settlement are the product of arms length negotiations. Each of Co-Lead Plaintiffs and Defendants further agrees that this Stipulation of Settlement shall be deemed to have been jointly and equally drafted by them, and the provisions of this Stipulation of Settlement shall not be construed against a Party on the grounds that said Party drafted or was more responsible for drafting any of its provisions.

k. **Counterparts.** This Stipulation of Settlement may be executed in counterparts and via electronic mail and facsimile. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together constitute the same instrument.

l. **Counsel.** Each of Co-Lead Plaintiffs and Defendants acknowledges that she, he, or it has been represented by counsel in connection with this Stipulation of Settlement, and specifically in connection with the review and execution of this Stipulation of Settlement, and each has read and fully understands the provisions of this Stipulation of Settlement and intends to be legally bound hereby. Each signatory hereto represents and warrants that such person has had an opportunity to consult with their respective attorneys and/or business advisors prior to the execution of this Stipulation of Settlement.

m. **Authority.** Each signatory hereto represents and warrants that such person has authority to bind the Party for whom such person acts as well as that Party's parents, subsidiaries, affiliates, predecessors, successors, heirs, legatees, beneficiaries, trustees, personal representatives, and assigns.

**DATED: July 14, 2010**

**[Signatures appear on the following pages]**

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 26 of 33 PageID #:3414

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

On behalf of Defendant William Blair & Co., LLC

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 27 of 33 PageID #:3415

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

On behalf of Defendant William Blair & Co., LLC

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 28 of 33 PageID #:3416

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

On behalf of Defendant William Blair & Co., LLC

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 29 of 33 PageID #:3417

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

On behalf of Defendant William Blair & Co., LLC

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

On behalf of Defendant William Blair & Co., LLC

Case: 1:07-cv-06174 Document #: 145-5 Filed: 10/11/10 Page 31 of 33 PageID #:3419

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

On behalf of Defendant William Blair & Co., LLC

Nicholas E. Chimicles
Chimicles & Tikellis LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence A. Sucharow
Labaton Sucharow LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Lawrence P. Kolker
Wolf Haldenstein Adler Freeman & Herz LLP

On behalf of Co-Lead Plaintiffs and the Settlement Class

Adam J. Levitt
Wolf Haldenstein Adler Freeman & Herz LLC

On behalf of Co-Lead Plaintiffs and the Settlement Class

Jerold S. Solovy
Jenner & Block, LLP

On behalf of Defendants Goodwin, Baum, Cosenza, Parks, Gujral, The Inland Group, Inc., and Inland Real Estate Investment Corporation

Samuel B. Isaacson
DLA Piper LLP (US)

On behalf of Defendants Grimes, Catalano, Inland Western Retail Real Estate Trust, Inc., Inland Western Retail Real Estate Advisory Services, Inc., Inland Southwest Management Corp., Inland Northwest Management Corp., and Inland Western Management Corp.

Richard B. Kapnick
Sidley Austin LLP

On behalf of Defendants Beard, Gauvreau, Gorski, and Murphy

Harold C. Hirshman
Sonnenschein Nath & Rosenthal LLP

Harold C. Hirshman / KRS

On behalf of Defendant William Blair & Co., LLC

Jonathan C. Medow
Mayer Brown LLP

On behalf of Defendant KPMG LLP